IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAROLLYN F. COCHRAN,**

  **Plaintiff,**

 vs.           Civil Action 2:10-CV-996
               Judge Sargus
               Magistrate Judge King

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

  **Defendant.**


## REPORT AND RECOMMENDATION

  This is an action instituted under the provisions of 42 U.S.C. §§ 405(g), 1383(c) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. This matter is now before the Court on plaintiff's *Statement of Specific Errors*, Doc. No. 11, the Commissioner's *Memorandum in Opposition*, Doc. No. 14, and plaintiff's *Reply*, Doc. No. 15.

  Plaintiff Carollyn F. Cochran filed her applications for benefits in August 2006, alleging that she has been disabled since June 8 of that year. The applications were denied initially and on reconsideration and plaintiff requested a *de novo* hearing before an administrative law judge. On June 22, 2009, plaintiff, represented by counsel, appeared and testified at the administrative hearing, as did Casey Vass, who testified as a vocational expert.

  In a decision dated September 15, 2009, the administrative law judge found that plaintiff's physical and mental impairments, considered

singly and in combination, do not significantly limit her ability to perform basic work activities. Because plaintiff does not have a severed impairment or combination of impairments, the administrative law judge concluded that plaintiff is not disabled within the meaning of the Social Security Act. A.R. 17. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 16, 2010.

Plaintiff contends that plaintiff is disabled by "an injurious left wrist sprain and left carpal tunnel syndrome," *Statement of Errors*, p.1, and that the administrative law judge erred in giving no weight to the opinion of plaintiff's treating internist, Frederic A. Humphrey, D.O., in this regard.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.,* 896 F.2d 1024, 1028

(6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

**Plaintiff's Testimony**

Plaintiff was 59 years of age at the time the administrative law judge issued his decision. She has an 11th grade education. She has not engaged in substantial gainful employment since her alleged onset date.

Plaintiff, who is right-handed, A.R. 432, testified that it was an injury to her left wrist that caused her to stop working. A.R. 434. She described wrist pain that "goes clear down into the bone." A.R. 435. She must rotate the wrist to alleviate stiffness. *Id*. Motrin, 800 mg., which is prescribed by Dr. Humphrey and which she takes three times per day, helps to alleviate the pain. *Id*. Plaintiff has no problem with her right wrist. A.R. 437, 440. She was unable to estimate how many pounds she can carry in her right hand. *Id.* With her left hand, however, she would spill a Styrofoam cup filled with water. *Id.*

Plaintiff drives a car two or three times per week. A.R. 433. She performs household chores, although she sometimes drops things. A.R. 438. She sometimes watches her grandchildren. *Id.*[1]

Dr. Humphrey has treated plaintiff for a variety of conditions since 2006. A.R. 440. Plaintiff sees Dr. Humphrey approximately once per month. *Id*.

**Medical Evidence**

Plaintiff suffered a work-related injury to her left wrist in June 2006. X-rays taken in June and July 2006 were negative. A.R. 245-

---

[1] Because plaintiff challenges the Commissioner's decision only as it relates to Dr. Humphrey's opinion regarding plaintiff's left wrist condition, the Court will not discuss evidence unrelated to that issue.

46. On July 28, 2006, Dr. Humphrey indicated that plaintiff could return to light duty work (*i.e.*, lifting no more than 10 pounds) effective July 31, 2006, but could return to regular duty three weeks thereafter. A.R. 356. During a September 2006 office visit, Dr. Humphrey noted continued problems with the wrist. A.R. 268. An October 2006 EMG revealed evidence of an early, mild left carpal tunnel syndrome. A.R. 266. A November 2006 CT scan of the left hand revealed no gross abnormalities or fractures. A.R. 243-44. On November 17, 2006, Dr. Humphrey indicated that plaintiff "can return to work." A.R. 268. At the November 29, 2006 office visit, however, Dr. Humphrey noted that plaintiff was not working. A.R. 267.

Dr. Humphrey prescribed at least two regimens of physical therapy in late 2006. A.R. 240, 267. At her initial physical therapy evaluation, plaintiff demonstrated decreased range of motion and strength secondary to carpal tunnel syndrome. *Id*. Within several weeks, plaintiff was demonstrating marked improvement in her range of motion and strength. A.R. 237. At the time of her discharge, plaintiff's range of motion was within normal limits and the left wrist flexors and extensors were 4+/5. A.R. 242. However, she had limited strength on lifting secondary to pain. *Id*.

On March 21, 2007, Dr. Humphrey noted that plaintiff was not able to work. A.R. 263. On April 18, 2007, Dr. Humphrey noted that plaintiff was restricted to light duty. *Id*.

On April 19, 2007, Bina Mehta, M.D., evaluated plaintiff's wrist injury in connection with her Worker's Compensation claim. Plaintiff reported that physical therapy "helped reduce her pain a little." A.R. 229. Plaintiff characterized her wrist pain as constant, a 9-10 on a 10-point scale. There is numbness at times. She wears a brace for support. *Id*. Clinical examination of the left wrist revealed no erythema, warmth or swelling. Range of motion was 25 degrees on

extension, 70 degrees on flexion and 20 degrees on radial and ulnar deviation.  A.R. 230.  Manual muscle testing was 5/5, 4/5 with flexion and 5/5 in the left hand intrinsics.  Sensation to touch was intact.  *Id*. According to Dr. Mehta, plaintiff would benefit from continued use of Motrin as needed, but that no further diagnostic or treatment services should be considered or allowed.  *Id*.  Plaintiff "should be able to perform work within the light- to medium-duty work capacity category." A.R. 231.  The doctor characterized plaintiff's wrist sprain as "healed by this point."  *Id*.

At virtually every office visit throughout 2007 - 2009, Dr. Humphrey noted complaints of left wrist pain, for which he prescribed Motrin, 800 mg.  A.R. 247-63.  On March 2, 2009, Dr. Humphrey diagnosed chronic sprain and carpal tunnel syndrome of the left wrist.  He opined that plaintiff "has minimal use of her left hand," which limits her to sedentary work.[2]  A.R. 234.  She can only occasionally lift up to 5 pounds and has decreased strength and grasp of the left hand.  *Id*.

**Discussion**

In his decision, the administrative law judge found that plaintiff's documented left wrist sprain and carpal tunnel syndrome were not severe because her sprain did not last the required 12 months[3] and her carpal tunnel syndrome was only mild.[4]  A.R. 15.  The administrative law judge based this finding on Dr. Mehta's April 2007 consultative

---

[2] Under the Medical-Vocational guidelines, a claimant who, like plaintiff, is of advanced age, with a limited education and with no transferable skills, and who is limited to sedentary exertion is disabled. Rule 201.01, Pt. 404, Subpt. P, Appx.2.

[3] The Social Security Act defines a "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " 42 U.S.C. §423(d)(1)(A).

[4] The Commissioner's regulations define a "non-severe impairment" as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521(a); 416.921(a).

5

examination:

> Even though [Dr. Mehta] indicated that the claimant
> would benefit from continued treatment the claimant
> is only being prescribed Motrin and was found to be
> capable of performing at the light to medium
> exertion. Further, treatment records thereafter do
> no[t] show any findings/complaints to support the
> claimant's testimony.

*Id.* The administrative law judge rejected Dr. Humphrey's March 2009 opinion that plaintiff is limited to sedentary work:

> Although [] the claimant did undergo physical
> therapy for a short period of time she had
> improvement in her condition and there is no
> evidence of any specific treatments for these
> impairments on an ongoing basis.

A.R. 16. Plaintiff contends that the administrative law judge failed to properly evaluate Dr. Humphrey's March 2009 opinion. This Court agrees.

Opinions of treating physicians must be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If the administrative law judge finds that either of these criteria have not been met, he is then required to apply the following factors in determining the weight to be given a treating physician's opinion: "The length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. ..." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). In this regard, the administrative law judge is required to look at the record as a whole to determine whether substantial evidence is inconsistent with the treating physician's assessment. *See* 20 C.F.R. §§ 404.1527(d)(2),(4); 416.927(d)(2), (4). Moreover, an administrative law judge must provide "good reasons" for discounting the opinions of a

treating physician, *i.e.,* reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers v. Comm'r of Social Sec.,* 486 F.3d 234, 242 (6th Cir. 2007), citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5.

In the case presently before the Court, the administrative law judge failed to expressly consider the factors required by *Wilson*. Moreover, in finding that treatment records after April 2007 "do no[t] show any findings/complaints to support the claimant's testimony," A.R. 15, the administrative law judge mis-characterized the record and Dr. Humphrey's treatment notes, which consistently confirm plaintiff's on-going complaints of left wrist pain and its impact on her ability to work. Under these circumstances, the Court concludes that the decision of the administrative law judge lacks substantial support in the record.

It is therefore **RECOMMENDED** that the decision of the Commissioner be reversed and that the action be remanded to the Commissioner of Social Security for further proceedings.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                        *s/Norah McCann King*
                                         Norah McCann King
                            United States Magistrate Judge

February 13, 2012