IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CAROLLYN F. COCHRAN,

          Plaintiff,


    vs.                             Civil Action 2:10-CV-996
                                      Judge Sargus
                                      Magistrate Judge King


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.


## OPINION AND ORDER

    This action seeks review, pursuant to the provisions of 42 U.S.C. § 405(g), of the denial by the Commissioner of Social Security of plaintiff's applications for disability insurance benefits and supplemental security income.  On February 13, 2012, the United States Magistrate Judge recommended that the decision of the Commissioner be reversed and that the matter be remanded for further proceedings.  *Report and Recommendation*, Doc. No. 16.  This matter is now before the Court on the Commissioner's objections to that recommendation.  *Objection*, Doc. No. 17.  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b);  Fed. Rule Civ. P. 72(b).

    Plaintiff claims disability by reason of an impairment of her left wrist.  She suffered a work-related injury to the wrist in June 2006.  An October 2006 EMG indicated early, mild left carpal tunnel syndrome.  A.R. 266.  Plaintiff thereafter underwent a number of physical therapy sessions, which resulted in marked improvement, although she still experienced limited strength on lifting secondary to pain.  A.R. 242.

Based on a consultative examination conducted in April 2007, *i.e.*, less than 12 months after the original injury, Bina Mehta, M.D., concluded that plaintiff's wrist sprain was "healed." A.R. 231. However, the office notes of Frederic A. Humphrey, D.O., plaintiff's treating internist, reflect continued complaints of left wrist pain throughout 2007 - 2009, for which Dr. Humphrey prescribed Motrin, 800 mg. A.R. 237-63. In March 2009, Dr. Humphrey opined that plaintiff is limited to sedentary work in light of the minimal use of her left hand. A.D. 234.

Relying on Dr. Mehta's opinion, the administrative law judge concluded that plaintiff does not suffer a severe impairment because her wrist injury had resolved in less than twelve (12) months. *See* 42 U.S.C. § 423(d)(1)(A)(defining a disability as, *inter alia*, "any medically determinable physical . . . impairment which can be expected to . . . last for a continuous period of not less than 12 months . . .").  The administrative law judge rejected Dr. Humphrey's March 2009 assessment that plaintiff is limited to sedentary work:

> Although [] the claimant did undergo physical therapy for a short period of time she had improvement in her condition and **there is no evidence of any specific treatments for these impairments on an ongoing basis**.

A.R. 16 (emphasis added).

The Magistrate Judge concluded that the administrative law judge failed to expressly consider the required factors where the opinion of a treating physician is not accorded controlling weight. *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Magistrate Judge also found that the administrative law judge mis-characterized the record and Dr. Humphrey's treatment notes, which reflected ongoing complaints of and prescribed medication for left wrist pain through 2009. Because the Magistrate

2

Judge concluded that the decision of the Commissioner, *i.e.*, that plaintiff does not suffer a severe impairment, was not supported by substantial evidence, the Magistrate Judge recommended that the action be remanded for further consideration. *Report and Recommendation.*

In the objections, the Commissioner argues that the administrative law judge is not required to provide "an exhaustive factor-by-factor" analysis in weighing the opinion of even a treating provider. *Objection*, p. 4 (*citing Francis v. Comm'r Social Security Admin.*, 414 Fed. Appx. 802, 2011 WL 915719, *3 (6th Cir. March 16, 2011)). Moreover, the Commissioner argues, the characterization of the record by the administrative law judge was not inaccurate because "Dr. Humphrey did not recommend additional physical therapy or other specialized treatment." *Objection*, p. 4.

This Court concludes that *Francis* is inapposite. In that case, the United States Court of Appeals found that the administrative law judge had in fact adequately considered the *Wilson* factors. *Id.*, at 805. In this case, the only reason articulated by the administrative law judge to support his rejection of Dr. Humphrey's assessment was the observation that the record contained no evidence of "specific treatment" on an "ongoing basis." A.R. 16. The Magistrate Judge found that that observation was inaccurate and this Court agrees with that finding. Although Dr. Humphrey may not have recommended "additional physical therapy or other specialized treatment," *Objection*, p.4, the record indisputably contains evidence of treatment by Dr. Humphrey of plaintiff's complaints of left wrist pain for more than twelve (12) months. Under these circumstances, it cannot be said that the administrative law judge gave good reasons for the rejection of the treating physician's opinion of disability. More significantly, it

3

cannot be said that there is substantial support in the record for the administrative law judge's finding that the record offered no evidence of a physical impairment that lasted at least 12 months.[1]

The Commissioner's objections, *Objection*, Doc. No. 17, are **DENIED**. The *Report and Recommendation*, Doc. No. 16, is **ADOPTED AND AFFIRMED**. The decision of the Commissioner is **REVERSED** and this action is hereby **REMANDED** to the Commissioner of Social Security for further proceedings.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

3-9-2012
Date

Edmund A. Sargus, Jr.
United States District Judge

---

[1]Whether or not plaintiff is disabled is, of course, not before the Court.

4