IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROLLYN F. COCHRAN,

    **Plaintiff,**

vs.              Civil Action 2:10-CV-996
                 Judge Sargus
                 Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

## OPINION AND ORDER

   This action sought review, under the provisions of 42 U.S.C. §§ 405(g) and 1383(c), of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. *Complaint*, Doc. No. 4, at ¶ 7. On March 9, 2012, this Court found that the Commissioner's decision was based on a mischaracterization of the record, which reflected complaints of and treatment for a left wrist impairment over the course of more than twelve (12) months. *Opinion and Order*, Doc. No. 18. The Court specifically concluded that the administrative law judge's finding that there was no evidence of specific treatment for the impairment therefore lacked substantial support in the record. The matter was accordingly remanded to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further proceedings. *Id.*; *Judgment*, Doc. No. 19. This matter is now before the Court on plaintiff's *Motion for Attorney Fees and Costs Pursuant to the Equal*

1

Access to Justice Act ("*Plaintiff's Motion*"), Doc. No. 20.[1]  Plaintiff specifically seeks an award of an attorney's fee in the amount of $2,023.50, that amount reflecting 12.5 hours to be compensated at the rate of $161.88 per hour.[2]  *See Plaintiff's Memorandum in Support of Plaintiff's Motion*, at 3.  The Commissioner opposes plaintiff's request for fees, *Opposition to Plaintiff's Motion for Attorney Fees Under EAJA* ("*Commissioner's Response*"), Doc. No. 22, to which plaintiff has filed a reply.  *Plaintiff's Response to Response to Plaintiff's Motion for Attorney Fees*, Doc. No. 23.  For the reasons that follow, *Plaintiff's Motion* is **GRANTED** in part.

## II.  STANDARD

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the

---

[1]Plaintiff's motion also seeks an award of costs.  Because plaintiff was granted leave to proceed *in forma pauperis*, however, *Order*, Doc. No. 2, plaintiff did not incur any statutory costs.

[2]*Plaintiff's Motion* seeks an award of an attorney's fee in the amount of $2,023.50.  *Plaintiff's Motion*, at 1.  The memorandum in support of *Plaintiff's Motion,* however, seeks $2,194.37 in fees.  *Plaintiff's Memorandum in Support of Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act* ("*Plaintiff's Memorandum in Support of Plaintiff's Motion*"), Doc. No. 22, at 3.  The Court will evaluate plaintiff's request based on the amount requested in *Plaintiff's Motion*.

EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

## III. DISCUSSION

Plaintiff seeks an award of $2,023.50. *Plaintiff's Motion*, at 1. The Commissioner does not dispute that plaintiff is a prevailing party but opposes both plaintiff's right to a fee and the reasonableness of the fee sought. *Commissioner's Response*, at 1.

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson,* 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' -- that is, justified to a degree that would satisfy a reasonable person." *Underwood,* 487 U.S. at 565-66. The Commissioner's litigation position is "substantially justified" if it is reasonable in both law and fact. *Id.* An agency's position can be substantially justified even if a court ultimately finds it erroneous or not supported by substantial evidence. *See United States v. 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991). However, the burden of showing substantial justification rests with the Commissioner. *Scarborough v. Principi,* 541 U.S. 401, 414 (2004); *United States v. True,* 250 F.3d 410, 419 n.7

3

(6th Cir. 2001).

In the case *sub judice*, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings based on the administrative law judge's mischaracterization of the record and consequent failure to properly evaluate the opinion of plaintiff's treating physician. In opposing plaintiff's request for an attorney's fee, the Commissioner maintains that the administrative law judge "discussed" the opinion of plaintiff's treating provider and "provided good reasons for the amount of weight given to" that opinion. *Defendant's Memorandum in Opposition*, at 1; *Commissioner's* Response, at 3-4.

As this Court stated in ordering the remand of this action, the administrative law judge failed to expressly consider the factors required by the Commissioner's own regulations, 20 C.F.R. §§ 404-1527(d); 416.927(d); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The only reason articulated by the administrative law judge to support his rejection of the treating physician's assessment was the observation that the record contained no evidence of "specific treatment" on an "ongoing basis." A.R. 16. This observation was, however, incorrect; the record indisputably contains evidence of treatment by plaintiff's physician of plaintiff's complaints of left wrist pain for more than twelve months.

Under these circumstances, it cannot be said that the position of the Commissioner was substantially justified. An award of fees under the EAJA is therefore warranted. *See Simpson v. Astrue*, No. 3:09-cv-143, 2010 WL 5088125, at *2 (S.D. Ohio Nov. 17, 2010)

(awarding attorneys' fees under the EAJA where the Commissioner failed to properly follow the "treating physician rule"); *Falconi v. Comm'r of Soc. Sec.*, No. 1:08-cv-622, 2010 WL 1882270, at *1-2 (S.D. Ohio Apr. 13, 2010); *Lightfoot v. Astrue*, No. 1:10CV1273, 2012 WL 1109990, at 3 (N.D. Ohio Mar. 31, 2012) ("The position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's own regulations.").

The Commissioner also objects to the $161.88 hourly rate requested by plaintiff. *Commissioner's Response*, at 5-6. An award under the EAJA must be reasonable:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

(quoting *Blum*, 465 U.S. at 895 n.11).

Here, plaintiff has submitted only the Consumer Price Index in support of the proposed $161.88 hourly rate. *See Consumer Price Index - All Urban Consumers*, attached to *Plaintiff's Memorandum in Support of Plaintiff's Motion* as Exhibit 1. "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant a fee in excess of the $125.00 statutory cap based on cost of living increases is left to the sound discretion of the district court. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992). Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate does not warrant an increase in the rate. *Bryant*, 578 F.3d at 450. Accordingly, plaintiff has not provided "satisfactory evidence" that the requested rate is in line with the prevailing market rate "for services by lawyers of reasonably comparable skill, experience, and reputation." Moreover, plaintiff does not argue that "special factors" exist that would warrant an increased hourly rate. Under the circumstances, plaintiff has not satisfied her burden of justifying the requested hourly rate. *See Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at *2-3 (S.D. Ohio Sept. 9, 2011) (suggesting that satisfactory evidence would include affidavits from other attorneys, publications that discuss the prevailing market rate or an affidavit of plaintiff's counsel identifying her normal hourly rate); *Ball v. Comm'r of Soc. Sec.*, No. 1:09-cv-684, 2011 WL 4940782, at *3-5 (S.D. Ohio Sept. 21, 2011) (limiting the hourly fee to the statutory rate of $125.00 where

plaintiff failed to submit sufficient evidence supporting the requested increase); *Wise v. Astrue*, No. 2:09-cv-355, 2010 WL 5071040 (S.D. Ohio Dec. 7, 2010); *Harris v. Comm'r of Soc. Sec.*, No. 3:09cv92, 2010 WL 3894144 (S.D. Ohio Sept. 30, 2010). In light of the absence of sufficient evidence documenting counsel's customary hourly rate, the requested cost of living increase, or the prevailing market rate for attorneys with comparable skill, experience and reputation, plaintiff is entitled to no more than the statutory rate of $125.00.

Finally, plaintiff requests that any fee awarded be payable directly to her attorney, pursuant to their assignment agreement. *See Assignment of EAJA Fees*, attached to *Plaintiff's Memorandum in Support of Plaintiff's Motion* as Exhibit 3. The United States Supreme Court has determined that fees awarded to a prevailing party under the EAJA belong to the litigant, not to his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). Fees can be directly awarded to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id.* at 2529.

For the forgoing reasons, *Plaintiff's Motion*, Doc. No. 20, is **GRANTED** in part. Plaintiff is **AWARDED** an attorney fee in the amount of $1,562.50,[3] to be paid to plaintiff's counsel, as assignee, less any pre-existing debt subject to offset.

10-1-2012
Date

Edmund A. Sargus, Jr.
United States District Judge

---

[3] 12.50 hours x $125.00 per hour = $1,562.50

7